
DAVID J. GRECH
DGRECH@GRSM.COM

EDWARD E. WARNKE
EWARNKE@GRSM.COM



ATTORNEYS AT LAW
ONE BATTERY PARK PLAZA
28TH FLOOR
NEW YORK, NY 10004
PHONE: (212) 269-5500
FAX: (212) 269-5505
WWW.GRSM.COM

December 21, 2021

**VIA ECF**
The Honorable P. Kevin Castel, U.S.D.J.
United States District Court, Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

    Re:    *Angelo Maher v. Nusret New York LLC*
             Case No.: 1:21-cv-10653-PKC-SN

Dear Judge Castel:

      Our office represents defendant Nusret New York LLC in this case. We submit this letter in response to the December 15, 2021 Order directing Defendant to show cause why this case ought not be remanded to Supreme Court, State of New York, New York County. (ECF Doc. No. 3) ("December 15th Order").

      The instant matter was initiated by the filing of a Summons with Notice with the Supreme Court of the State of New York, County of New York, on August 24, 2021. On October 19, 2021, counsel for the parties filed a stipulation with the Supreme Court of the State of New York, County of New York, acknowledging Defendant's service of a demand for the Complaint, extending Plaintiff's time to file and serve his Complaint to November 12, 2021, and extending Defendant's time to answer, move, or otherwise respond to the Complaint to December 13, 2021. On November 12, 2021, Plaintiff filed his Complaint with the Supreme Court of the State of New York, County of New York. On December 13, 2021, Defendant sought to remove the case to this Court by filing a Notice of Removal with exhibits. (ECF Doc. No. 1) ("Removal Application").[1]

      As stated in the Removal Application, Defendant had sought Plaintiff's consent to removal and arbitration based upon the existence of the arbitration agreement. Plaintiff, however, has refused to consent. Plaintiff has further indicated that he plans to challenge the validity of the arbitration agreement. Based on Plaintiff's position, Defendant expects this matter will present

---

[1] Another case brought by the attorneys of record for Plaintiff herein, on behalf Elizabeth Cruz, against Defendant, is in the same procedural posture, under Case No. 1:21-cv-10654-ALC-SDA.

Hon. P. Kevin Castel, U.S.D.J.
U.S. District Court, S.D.N.Y.
December 21, 2021
Page 2 of 3

issues under the Federal Arbitration Act ("FAA") and Article 75 of the New York Civil Practice Law and Rules ("CPLR"). Accordingly, the Removal Application was submitted to ensure Defendant was in compliance with the timing for removal under 28 U.S.C. § 1446.

As the Court notes in the December 15th Order, the Complaint, on its face, "raises claims solely under state and local law." December 15th Order at p. 1. The December 15th Order further observes the anomaly with which Defendant was faced, citing *Moses H. Cone Memorial Hospital v. Mercury Construction Corp.*, 460 U.S. 1, 25 n. 32 (1983) for the proposition that "The Arbitration Act is something of an anomaly in the field of federal-court jurisdiction. It creates a body of federal substantive law establishing and regulating the duty to honor an agreement to arbitrate, yet it does not create any independent federal-question jurisdiction under 28 U.S.C. § 1331 . . . or otherwise."

Based upon Plaintiff's position relating to the validity of the arbitration agreement, Defendant expects Plaintiff to rely upon Section 7515 of the CPLR.

> CPLR § 7515 provides that except where inconsistent with federal law, no written contract, entered into on or after the effective date of this section shall contain a prohibited mandatory arbitration clause. A prohibited mandatory arbitration clause is any clause that requires that the parties submit to mandatory arbitration to resolve any allegation or claim of discrimination. This statute additionally provides that except where inconsistent with federal law, the provisions of such a prohibited clause shall be null and void.

*Feuer v. Stoler of Westbury, Inc.*, No. 20-CV-6094 (JMA) (JMW), 2021 U.S. Dist. LEXIS 199224, at *4-5 (E.D.N.Y. Oct. 15, 2021) (internal citations and quotations omitted).

"The Supreme Court has held that any state law that 'prohibits outright the arbitration of a particular type of claim . . . . is displaced by the FAA.'" *Rollag v. Cowen Inc.*, No. 20-CV-5138, 2021 U.S. Dist. LEXIS 39942, at *14 (S.D.N.Y. Mar. 3, 2021) (Abrams, J.) (quoting *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 341, 131 S. Ct. 1740, 179 L. Ed. 2d 742 (2011)). Moreover, "District courts in this Circuit, however, have since determined that Section 7515 is preempted by the FAA." *Wyche v. KM Sys.*, No. 19-CV-7202 (KAM), 2021 U.S. Dist. LEXIS 74887, at *5 (E.D.N.Y. Apr. 19, 2021) (collecting cases).

In preparing the Removal Application, Defendant reviewed *Tantaros v. Fox News Network, LLC*. In *Tantaros*, "[t]he operative question [was] whether a claim arising under § 7515 necessarily raises a federal question within the original jurisdiction of this Court pursuant to 28 U.S.C. § 1331." 465 F. Supp. 3d 385, 389 (S.D.N.Y. 2020) (Carter, Jr., J.). The Second Circuit held "that because § 7515 requires a threshold showing that the plaintiff's claim complies with the FAA, it necessarily raises a substantial federal issue that may be resolved in federal court without threatening the federal-state balance." No. 20-3413-cv, 2021 U.S. App. LEXIS 25885, at *7 (Aug. 27, 2021).

Hon. P. Kevin Castel, U.S.D.J.
U.S. District Court, S.D.N.Y.
December 21, 2021
Page 3 of 3

      Thus, based upon the anomaly, the dispute between CPLR § 7515 and the FAA on the horizon, the strict timeframe within which a case must be removed under 28 U.S.C. § 1446, and recent decisions in this Circuit, Defendant sought removal.  Should the Court, in the exercise of its discretion, in raising the issue of subject matter jurisdiction at this time, at the outset of this case (*see* December 15th Order), determine that this case should be remanded, Defendant respectfully requests leave of this Court to avail itself of the Court's jurisdiction, with a request for removal, if and when the conflict between CPLR § 7515 and the FAA expected in this matter goes from potential to actual.

      Respectfully submitted,

GORDON REES
SCULLY MANSUKHANI, LLP

/s/ David J. Grech
David J. Grech
Edward E. Warnke