UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
ANGELO MAHER,

        Plaintiff,                                     **1:21-cv-10653-PKC**

   -against-

NUSRET NEW YORK, LLC.,

        Defendant.
-------------------------------------------------------------------X

# MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF ANGELO MAHER'S MOTION TO REMAND

**LAW OFFICES OF G. OLIVER KOPPELL & ASSOCIATES**
**99 Park Avenue – Suite 1100**
**New York, New York 10016**
**212-867-3838**
*Attorneys for Plaintiff Angelo Maher*

i

# TABLE OF CONTENTS

TABLE OF AUTHORITIES .................................................................................................... ii

PRELIMINARY STATEMENT ............................................................................................... 1

ARGUMENT .............................................................................................................................. 1

I.   Defendant's Notice of Removal was not Timely Filed ............................................. 1

CONCLUSION ........................................................................................................................... 3

# TABLE OF AUTHORITIES

**Cases**

Cutrone v Mtge. Elec. Registration Sys., Inc., 749 F3d 137 (2nd Cir. 2014) ...................... 2

Moltner v Starbucks Coffee Co., 624 F3d 34 (2nd Cir. 2010) ............................................ 2

Whitaker v Am. Telecasting, Inc., 261 F3d 196 (2nd Cir 2001) ......................................... 2

**Statutes**

28 U.S.C. § 1446(a) ............................................................................................................. 2

28 U.S.C. § 1446(b) ..................................................................................................... 1, 2, 3

Plaintiff Angelo Maher ("Plaintiff"), by and through his attorneys, the Law Offices of G. Oliver Koppell & Associates, respectfully submits the following Memorandum of Law, together with the Affirmation of Scott Doherty, in support of his Motion to Remand this matter back to its original forum, the Supreme Court of the State of New York, County of New York, and for such other relief as the Court deems just and proper (the "Motion").

## PRELIMINARY STATEMENT

Defendant Nusret New York LLC's ("Defendant") Notice of Removal in this matter is not timely, as it was filed more than 30 days after Plaintiff served his initial pleading, the Summons with Notice. Plaintiff's Summons with Notice contained the amount Plaintiff sought for damages, as well as sufficient facts such that Defendant could intelligently ascertain whether the instant action was removable. Accordingly, Plaintiff's Summons with Notice qualifies as the "initial pleading" for the purposes of 28 U.S.C. § 1446(b). Since Defendant filed its Notice of Removal more than 30 days after Plaintiff's service of the Summons with Notice, the Notice of Removal is untimely and this matter should be remanded to its original forum, the Supreme Court of the State of New York, County of New York.

## ARGUMENT

### I.   Defendant's Notice of Removal was not Timely Filed

Because Defendant filed their Notice of Removal more than 30 days after Plaintiff served his Summons with Notice, Defendant's Notice of Removal is not timely, and this matter should be remanded back to its original forum.

28 U.S.C. § 1446(b) states, "The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been

1

filed in court and is not required to be served on the defendant, whichever period is shorter." A Summons with Notice can qualify as an "initial pleading" for the purposes of 28 U.S.C. § 1446(b). See, Whitaker v Am. Telecasting, Inc., 261 F3d 196, 205 (2nd Cir 2001). A Summons with Notice qualifies as such initial pleading when it, "enables the defendant to intelligently ascertain removability from the face of such pleading, so that in its petition for removal, [the] defendant can make a short and plain statement of the grounds for removal as required [by] 28 U.S.C. § 1446(a)." Id. at 205-06 (internal quotations removed). Additionally, the initial pleading must explicitly specify the amount of monetary damages sought. See, Moltner v Starbucks Coffee Co., 624 F3d 34, 38 (2nd Cir. 2010). That said, the defendant must still, "apply a reasonable amount of intelligence in ascertaining removability." See, Cutrone v Mtge. Elec. Registration Sys., Inc., 749 F3d 137, 143 (2nd Cir. 2014) (citing Whitaker, supra, 261 F3d at 206.)

Here, Plaintiff served his Summons with Notice on September 20, 2021 by personal service. See, Exhibit B to Affirmation of Scott Doherty. Yet, Defendant, did not file its' Notice of Removal until December 13, 2021, a full 84 days after service of the Summons with Notice. See, Exhibit C to Affirmation of Scott Doherty. Furthermore, Plaintiff's Summons with Notice effectively enables the Defendant herein to intelligently ascertain removability. Plaintiff's Summons with Notice effectively details the nature of the action. See, Exhibit A to Affirmation of Scott Doherty. ("The nature of this action is racial discrimination, hostile work environment, and retaliation in violation of the New York City Human Rights Law and New York State Human Rights Law."). The Summons with Notice also explicitly specifies the amount of money damages sought. See, Id ("The relief sought is damages in an amount that exceeds One Million and 00/100 ($1,000,000.00) dollars, for the injuries sustained by Plaintiff due to Defendant's conduct.") Plaintiff also provides details related to his claim. See, Id. ("Plaintiff, who is of Hispanic background, was hired as a server at Nusr-Et Steakhouse New York, owned and operated by the Defendant, in or around December of 2017. Throughout the course of his

employment, Plaintiff was routinely discriminated against due to his ethnic background and given less favorable sections despite being recognized by peers and colleagues as an exemplary employee. Plaintiff was ultimately terminated as a direct consequence of speaking out against racially motivated disparate treatment of non-Turkish employees at Nusr-Et as well as a hostile work environment based on racial discrimination and harassment.")

Defendant's Notice of Removal herein is predicated upon federal question jurisdiction, specifically whether the claims asserted by the Plaintiff are subject to an alleged arbitration agreement. Defendant argues that the enforceability of the alleged arbitration agreement should be determined with reference to federal law. This alleged arbitration agreement having been allegedly executed in connection with Plaintiff's employment with the Defendant. Given this, in combination with the fact that Plaintiff's Summons with Notice contained sufficient facts to put Defendant on notice of the fact that Plaintiff's suit arises in connection with Plaintiff's previous employment with Defendant, Defendant could ascertain whether Plaintiff's claims were subject to such alleged arbitration agreement from the Summons with Notice.

Accordingly, this Court should rule that the Summons with Notice should qualify as the "initial pleading" for the purposes of 28 U.S.C. § 1446(b), thus rendering Defendant's Notice of Removal as untimely. Given that Defendant's Notice of Removal was untimely, this Court should grant Plaintiff's Motion to Remand this matter back to the Supreme Court of the State of New York.

## CONCLUSION

For all of the reasons stated above, this Court should grant Plaintiff's Motion to Remand this matter back to its original forum, the Supreme Court of the State of New York, County of New York.

Dated:  January 12, 2022
       New York, New York

                                   LAW OFFICES OF G. OLIVER KOPPELL
                                   & ASSOCIATES

                        By: _____
                                   G. Oliver Koppell
                                   Scott Doherty
                                   99 Park Avenue, Suite 1100
                                   New York, New York 10016
                                   Telephone: (212) 867-3838
                                   Facsimile:  (212) 681-0810