# *LAW OFFICES OF G. OLIVER KOPPELL & ASSOCIATES*
### *99 Park Avenue – Suite 1100*
### *New York, NY 10016*
### *212-867-3838*

| | | |
|---|---|---|
| **G. Oliver Koppell** | Facsimile | **Of Counsel:** |
| | (212) 681-0810 | Lorraine Coyle |
| **Daniel F. Schreck** | | **Ruth Jin** |
| **Scott Doherty** | Website: | |
| **David Tannenbaum** | www.koppellaw.com | |

*[Handwritten annotation: No premotion letter is required for a motion to remand pursuant to 28 USC § 1447. See Individual Practice at 3A(i)(3). SO ORDERED /s/ [signature] USDJ 1-12-22]*

January 11, 2022

**BY ECF**

Honorable P. Kevin Castel
United States District Court
Southern District of New York

Re: Angelo Maher v. Nusret New York LLC
1:21-cv-10653

Dear Judge Castel:

I am counsel for the Plaintiff, Angelo Maher ("Plaintiff"), in the above referenced matter. I write pursuant to Your Honor's Individual Practice Rules indicating Plaintiff's intent to move to remand this matter back to its original forum, The Supreme Court of the State of New York, County of New York. A true and correct copy of Plaintiff's Summons with Notice in this action is attached as "Exhibit A," a true and correct copy of the Affirmation of Service is attached as "Exhibit B, and a true and correct copy of Defendant's Notice of Removal is attached as "Exhibit C." There are currently no scheduled conferences before the Court in this matter.

## ARGUMENT

I. <u>Defendant's Notice of Removal was not Timely Filed</u>

Because Defendant filed their Notice of Removal more than 30 days after Plaintiff served his Summons with Notice, Defendant's Notice of Removal is not timely, and this matter should be remanded back to the Supreme Court of the State of New York.

28 USC § 1446(b) states, "The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter." A Summons with Notice can qualify as an "initial pleading" for the purposes of 28 U.S.C. § 1446(b). See, Whitaker v Am. Telecasting, Inc., 261 F3d 196, 205 (2nd Cir. 2001). A Summons with Notice qualifies as such initial pleading when it, "enables the defendant to intelligently ascertain removability from the face of such pleading, so that in its petition for removal, [the] defendant can

1

make a short and plain statement of the grounds for removal as required [by] 28 U.S.C. § 1446(a)." Id. at 205-06 (internal quotations removed). Additionally, the initial pleading must explicitly specify the amount of monetary damages sought. See, Moltner v Starbucks Coffee Co., 624 F3d 34, 38 (2nd Cir. 2010). That said, the defendant must still, "apply a reasonable amount of intelligence in ascertaining removability." See, Cutrone v Mtge. Elec. Registration Sys., Inc., 749 F3d 137, 143 (2nd Cir. 2014) (citing Whitaker, supra, 261 F3d at 206).

Here, Plaintiff served his Summons with Notice on September 20, 2021, by personal service. See, Exhibit B. Yet, Defendant, did not file its' Notice of Removal until December 13, 2021, a full 84 days after service of the Summons with Notice. See, Exhibit C. Furthermore, Plaintiff's Summons with Notice effectively enables the Defendant herein to intelligently ascertain removability. Plaintiff's Summons with Notice effectively details the nature of the action. See, Exhibit A ("The nature of this action is racial discrimination, sex discrimination, hostile work environment, and retaliation in violation of the New York City Human Rights Law and New York State Human Rights Law."). The Summons with Notice also explicitly specifies the amount of money damages sought. See, Id. ("The relief sought is damages in an amount that exceeds One Million and 00/100 ($1,000,000.00) dollars, for the injuries sustained by Plaintiff due to Defendant's conduct.") Plaintiff also provides details related to his claim. See, Id. ("Plaintiff, who is of Hispanic background, was hired as a server at Nusr-Et Steakhouse New York, owned and operated by the Defendant, in or around December of 2017. Throughout the course of his employment, Plaintiff was routinely discriminated against due to his ethnic background and given less favorable sections despite being recognized by peers and colleagues as an exemplary employee. Plaintiff was ultimately terminated as a direct consequence of speaking out against racially motivated disparate treatment of non-Turkish employees at Nusr-Et as well as a hostile work environment based on racial discrimination and harassment.")

Defendant's notice of removal is predicated upon federal question jurisdiction, specifically whether the claims asserted by the Plaintiff are subject to an alleged arbitration agreement. Defendant argues that the enforceability of the alleged arbitration agreement should be determined with reference to federal law. This alleged arbitration agreement having been allegedly executed in connection with Plaintiff's employment with the Defendant. Given this, in combination with the fact that Plaintiff's Summons with Notice contained sufficient facts to put Defendant on notice of the fact that Plaintiff's suit arises in connection with Plaintiff's previous employment with Defendant, Defendant could ascertain whether Plaintiff's claims were subject to such alleged arbitration agreement from the Summons with Notice.

Accordingly, this Court should rule that the Summons with Notice should qualify as the "initial pleading" for the purposes of 28 U.S.C. § 1446(b), thus rendering Defendant's Notice of Removal as untimely. Given that Defendant's Notice of Removal was untimely, this Court should remand this matter back to its original forum.

## CONCLUSION

For all of the reasons stated above, this Court should grant Plaintiff's Motion to Remand this matter back to its original forum, the Supreme Court of the State of New York, County of New York.

Respectfully Submitted,

/s/

Scott Doherty

CC: (By ECF)
Edward E. Warnke
Gordon Rees Scully Mansukhani, LLP
One Battery Park Plaza
New York, NY 10004
212-453-0706
Email: ewarnke@grsm.com

# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
----------------------------------------------------------------X
ANGELO MAHER,

                                Plaintiffs,

    -against-

NUSRET NEW YORK LLC,

                                Defendant.
----------------------------------------------------------------X

Index No.:

Plaintiff designates **New York County** as the place of trial.

The basis of venue is CPLR §503(a).

**TO THE ABOVE-NAMED DEFENDANTS:**

    **YOU ARE HEREBY SUMMONED** to serve a notice of appearance on the Plaintiff's attorney within twenty (20) days after the service of this summons, exclusive of the day of service (or within thirty (30) days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the notice below.

    Plaintiff designates New York County as the place of trial. The basis of venue is that a substantial part of the events giving rise to the claim occurred in New York County.

Dated: New York, New York

       August 24, 2020

                                                  **LAW OFFICES OF G. OLIVER KOPPELL & ASSOCIATES**

                                                  By: _____
                                                      G. Oliver Koppell
                                                      Daniel F. Schreck
                                                      Scott Doherty
                                                      *Counsel for Plaintiff*
                                                      99 Park Avenue, Suite 1100
                                                      New York, NY 10016
                                                      Telephone: (212) 867-3838
                                                      Facsimile: (212) 681-0810

TO:    NUSRET NEW YORK LLC
         60 West 53rd Street
         New York, New York 10019

NOTICE: The nature of this action is racial discrimination, hostile work environment, and retaliation in violation of the New York City Human Rights Law and New York State Human Rights Law.

Plaintiff, who is of Hispanic background, was hired as a server at Nusr-Et Steakhouse New York, owned and operated by the Defendant, in or around December of 2017. Throughout the course of his employment, Plaintiff was routinely discriminated against due to his ethnic background and given less favorable sections despite being recognized by peers and colleagues as an exemplary employee.

Plaintiff was ultimately terminated as a direct consequence of speaking out against racially motivated disparate treatment of non-Turkish employees at Nusr-Et as well as a hostile work environment based on racial discrimination and harassment.

The relief sought is damages in an amount that exceeds One Million and 00/100 ($1,000,000.00) dollars, for the injuries sustained by Plaintiff due to Defendant's conduct.

Case 1:21-cv-10653-PKC   Document 6-2   Filed 01/11/22   Page 1 of 2

# EXHIBIT B

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
----------------------------------------------------------------X
ANGELO MAHER,

Index No.: 157934/2021

Plaintiff,

**AFFIRMATION OF SERVICE**

-against-

NUSRET NEW YORK LLC,

Defendant.
----------------------------------------------------------------X

I, Scott Doherty, an attorney duly admitted to practice law in the Courts of the State of New York, under penalty of perjury, affirm as follows:

1. I am not a party to this action, I am over the age of 18, and I reside at 305 W. 50th Street, New York, New York 10019.

2. That on September 20, 2021, I served the annexed Summons with Notice and Notice of Electronic Filing upon Defendant Nusret New York LLC ("Defendant"), at 60 W. 53rd Street, New York, New York 10019.

3. Service was effectuated by hand delivering true copies of said documents to Arun Ilbuga, who represented that he was an Assistant Manager at the above-named entity.

Dated: September 22, 2021
New York, New York

_____
Scott Doherty, Esq.

Case 1:21-cv-10653-PKC Document 6-3 Filed 01/31/22 Page 1 of 8

# EXHIBIT C

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X

ANGELO MAHER,　　　　　　　　　　　　　　　　Civil Case No. _____

　　　　　　　Plaintiff,

　　　　　　　　　　　　　　　　　　　　　　　　**NOTICE OF REMOVAL**

　　-against-

NUSRET NEW YORK LLC,

　　　　　　　Defendant.

-------------------------------------------------------------- X

TO:　UNITED STATES DISTRICT COURT
　　　SOUTHERN DISTRICT OF NEW YORK:

Pursuant to 28 U.S.C. § 1441 *et seq.*, defendant Nusret New York LLC hereby removes the state court action, *Angelo Maher v. Nusret New York LLC*, Index Number 157934/2021, Supreme Court of the State of New York, County of New York, to the United States District Court for the Southern District of New York. Removal is warranted under 28 U.S.C. § 1441(c) because the state court action arises under the Constitution, laws, or treaties of the United States, within the meaning of 28 U.S.C. § 1331, over which this Court has original jurisdiction.

In support of this notice and as grounds for removal, Defendant states as follows:

1.　A Summons with Notice was filed by Plaintiff with the Supreme Court of the State of New York, County of New York, on August 24, 2021.

2.　On October 19, 2021, counsel for the parties filed a stipulation with the Supreme Court of the State of New York, County of New York, acknowledging Defendant's service of a demand for the Complaint, extending Plaintiff's time to file and serve his Complaint to November 12, 2021, and extending Defendant's time to answer, move, or otherwise to the Complaint to December 13, 2021.

3.　On November 12, 2021, Plaintiff filed his Complaint with the Supreme Court of the State of New York, County of New York.

4.   Pursuant to 28 U.S.C. § 1446(a), Defendant hereby provides copies of all process, pleadings, and orders served upon it in the state court action. Annexed as **Exhibit A** is a true and accurate copy of the Summons with Notice. Annexed as **Exhibit B** is a true and accurate copy of the parties' stipulation. Annexed as **Exhibit C** is a true and accurate copy of the Complaint. Annexed as **Exhibit D** is a true and accurate copy of the complete state court docket history.

### I.   Jurisdictional Basis for Removal – Federal Question

5.   Under 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

6.   Under 28 U.S.C. § 1441(c), "If a civil action includes a claim arising under the Constitution, laws, or treaties of the United States," within the meaning of 28 U.S.C. § 1331, "the entire action [including state law claims] may be removed."

7.   The claims asserted by Plaintiff are subject to an arbitration agreement between the parties. While Defendant has proposed removal and arbitration, Plaintiff has refused to consent to removal and arbitration and instead has maintained this action in the New York State Supreme Court. Therefore, Defendant expects this case to present issues under the Federal Arbitration Act and Article 75 of the New York Civil Practice Law and Rules, and because of the limited period to remove this action to this Court, this Notice of Removal has been filed.

### II.  Removal to this Court is Otherwise Proper

8.   This notice is being timely filed under 28 U.S.C. § 1446(b) based upon the date of the receipt by Defendant of the Complaint setting forth the claim for relief upon which this action is based and upon the executed stipulation between the parties.

9. The United States District Court for the Southern District of New York embraces the county in which the state court action is now pending, and thus this Court is the proper venue for this action.

10. In accordance with 28 U.S.C. § 1446(d), Defendant is filing written notice of this removal with the Clerk of the Supreme Court of the State of New York, County of New York, and a Notice of Filing of Notice of Removal, together with this Notice of Removal, are being served upon Plaintiff.

11. If any questions arise as to the propriety of the removal of this action, Defendant requests the opportunity to brief any disputed issues and to present oral argument in support of the position that this case is properly removable.

12. Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of Defendant's rights to assert any defense or affirmative matter including, without limitation, the defenses of: 1) lack of jurisdiction over the person, 2) improper venue, 3) insufficiency of process, 4) insufficiency of service of process, 5) improper joinder of claims and/or parties, 6) failure to state a claim, or 7) any other procedural or substantive defense available under state or federal law.

**WHEREFORE,** Defendant respectfully removes this action from the Supreme Court of the State of New York, County of New York, to this Court, pursuant to 28 U.S.C. § 1441.

Dated: New York, New York
December 13, 2021

GORDON REES SCULLY MANSUKHANI, LLP

By: /s/ David Grech
David J. Grech
One Battery Park Plaza, 28th Floor

3

New York, NY 10004
(212) 269-5500
*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

      This is to certify that the foregoing Notice of Removal, with exhibits, together with the Notice to Plaintiff of Filing of Notice of Removal, was sent via electronic mail and the New York State Courts Electronic Filing System on the 13th day of December 2021 to:

      G. Oliver Koppell, Esq.
      Scott Doherty, Esq.
      Law Offices of G. Oliver Koppell
      99 Park Avenue, Suite 1100
      New York, New York 10016
      Okoppell@koppellaw.com
      sdoherty@koppellaw.com
      *Attorneys for Plaintiff*

      /s/ David J. Grech
      David J. Grech

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------------------------------ X

ANGELO MAHER,                                    Index No. 157934/2021

                Plaintiff,

       -against-

NUSRET NEW YORK LLC,

                Defendant.

------------------------------------------------------------------ X

### NOTICE TO STATE COURT OF FILING NOTICE OF REMOVAL

To:    Hon. Milton Tingling, Clerk of Supreme Court, New York County, New York.

PLEASE TAKE NOTICE that defendant Nusret New York LLC filed its Notice of Removal to the United States District Court for the Southern District of New York, a copy of which is attached hereto. Defendant hereby files a copy of the Notice with the Clerk of the Supreme Court of New York County, New York, in accordance with 28 U.S.C. § 1446(d).

Dated: December 13, 2021

                                              Respectfully submitted,

                                              GORDON REES SCULLY MANSUKHANI, LLP

                                              BY: /s/ David J. Grech
                                              David J. Grech
                                              One Battery Park Plaza, 28th Floor
                                              New York, NY 10004
                                              (212) 269-5500
                                              *Attorneys for Defendants*

1

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
--------------------------------------------------------------- X

ANGELO MAHER,                          Index No. 157934/2021

           Plaintiff,

-against-

NUSRET NEW YORK LLC,

           Defendant.

--------------------------------------------------------------- X

## NOTICE TO PLAINTIFF OF FILING OF NOTICE OF REMOVAL

To:     Law Offices of G. Oliver Koppell, attorneys for Plaintiff, 99 Park Avenue, Suite 1100, New York, New York 10016

You will please take notice that defendant Nusret New York LLC ("Defendant"), in the above-styled and numbered action originally filed in the Supreme Court of the State of New York, County of New York, namely, *Angelo Maher v. Nusret New York LLC*, Index Number 157934/2021, has filed in the United States District Court for the Southern District of New York, its Notice of Removal in the above-captioned action from the Supreme Court of the State of New York, County of New York, to the United States District Court for the Southern District of New York.

Attached hereto you will find a copy of said Notice of Removal.

                                     Yours truly,

                                     GORDON REES SCULLY MANSUKHANI, LLP
                                     BY: /s/ David J. Grech
                                     David J. Grech
                                     One Battery Park Plaza, 28th Floor
                                     New York, NY 10004
                                     (212) 269-5500
                                     *Attorneys for Defendants*