UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
ANGELO MAHER,

                      Plaintiff,                  21-cv-10653 (PKC)

  -against-

                                              OPINION AND ORDER

NUSRET NEW YORK LLC,

                      Defendant.
-----------------------------------------------------------x
CASTEL, District Judge:

        This Court issued an Order requiring defendant to show why the case ought not be remanded to state court for lack of subject matter jurisdiction. (DE 3.) Separately, plaintiff Angelo Maher has moved to remand asserting an untimely removal. (DE 7.) Defendant has responded to the Court's Order and to Maher's motion. For reasons explained, the Court concludes that federal question jurisdiction, the sole basis for removal, is not raised by the well-pleaded allegations of Maher. As an alternative basis for remand, the Court concludes that defendant's removal was untimely and grants Maher's motion.

        Defendant's notice of removal asserts that this Court has subject matter jurisdiction based on the existence of a federal question. 28 U.S.C. § 1331. The notice of removal asserts that "Defendant expects this case to present issues under the Federal Arbitration Act . . . ."[1] The gist of the defendant's argument is that Maher's state law employment discrimination claims would be arbitrable but-for a provision of New York's CPLR § 7515 that bars mandatory arbitration of claims of discrimination "[e]xcept where inconsistent with federal law. . . ." The purported federal question raised, in defendant's view,

---

[1] There is no dispute that The Federal Arbitration Act, 9 U.S.C. § 1, et seq., does not independently confer subject matter jurisdiction on federal district courts. Durant, Nichols, Houston, Hodgson & Cortese-Costa P.C. v. Dupont, 565 F.3d 56, 63 (2d Cir. 2009); see generally Moses H. Cone Memorial Hospital v. Mercury Construction Corp., 460 U.S. 1, 25 n.32 (1983).

is whether CPLR § 7515 is preempted by or inconsistent with federal policies embodied in the Federal Arbitration Act, 9 U.S.C. § 1. et seq.

But no federal question is alleged on the face of the plaintiff's allegations. Specifically, Maher alleges that he is of Hispanic background was hired to work at a steakhouse owned and operated by defendant, and that in the course of his employment he was "routinely discriminated against due to his ethnic background" and was terminated for speaking out against racially motivated treatment of non-Turkish employees and subjected to a hostile work environment, all in violation of the New York City Human Rights Law and New York State Human Rights Law.  He seeks damages in excess of $1 million.

To support its claim of federal question jurisdiction, defendant relies upon the Second Circuit's decision in Tantaros v. Fox News Network, LLC, 12 F.4th 135, 147 (2d Cir. 2021), affirming Judge Carter's denial of a motion to remand.  The plaintiff in Tantaros sought declaratory judgment that CPLR § 7515 bars a pending arbitration of her sexual harassment claim.  Id. at 139 (19 cv 7131 (ALC); DE 1 at ¶15.)  The majority held that the petitioner's invocation of section 7515 in her pleading necessarily presented a federal question whether the arbitration fell within the "where inconsistent with federal law" exception in section 7515.  Id at 143 ("Tantaros's claim necessarily raises a federal question.").

The key difference between the present case and Tantaros is that the federal question in Tantaros was presented on the face of plaintiff's state law complaint.  In contrast, Maher does not refer to arbitration or CPLR § 7515 anywhere in his pleading.  He asserts garden-variety employment discrimination and retaliation claims exclusively under state law. It is the defendant who raises the prospect of arbitration and the prediction of plaintiff's opposition to arbitration under CPLR § 7515.  The well-pleaded complaint rule remains viable

and requires the federal question to arise from the plaintiff's pleading and not an anticipated defense to that pleading. Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Tr. for S. California, 463 U.S. 1, 13-14 (1983) ("[S]ince 1887 it has been settled law that a case may not be removed to federal court on the basis of a federal defense, including the defense of preemption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties admit that the defense is the only question truly at issue in the case.").

Because no federal claim is raised by Maher's initial pleading, the Court will remand the action to state court from which it was removed for lack of subject matter jurisdiction.

As a separate and as an independent ground for remand, the Court concludes that removal was untimely. It is undisputed that the case was removed to federal court more than 30 days after the service of the summons with notice. The summons with notice was served on defendant on September 20, 2021. Defendant did not remove the action until 84 days later, on January 12, 2022. In opposition to the motion to remand, defendant argues that the summons with notice was not an "initial pleading setting forth the claim for relief" within the meaning of section 1446(b)(1).

The question whether a summons with notice may satisfy the initial pleading requirement was answered in the affirmative by the Second Circuit in Whitaker v. American Telecasting, Inc., 261 F.3d 196, 205 (2d Cir. 2001) ("We therefore conclude that a summons with notice may serve as an initial pleading under section 1446(b)."). To qualify as the initial pleading, the summons with notice must enable "a defendant to intelligently ascertain removal." Id. at 198. Maher's summons with notice placed defendant on notice of that the claims for relief were employment discrimination and retaliation claims based on his Hispanic

ethnicity, termination for speaking out against racially motivated treatment of non-Turkish employees and hostile work environment based upon racial discrimination and harassment; the defendant was on further notice that these claims were asserted under the New York City Human Rights Law and the New York State Human Rights Law.

Defendant argues that removal is timely as measured by the November 12, 2021 filing of a complaint by Maher. But defendant's position is not aided by its concession that the later filed complaint "still fails to include any suggestion that Plaintiff's federally protected rights were violated or any mention of the applicable arbitration agreement." (Def. Mem. 1.) Maher was not obligated to reference any federal right nor was he obligated to plead the existence of an arbitration agreement. Defendant's concession does, however, demonstrate that the subsequent filing of the complaint did not alert it to something that it could not have intelligently ascertained from the summons with notice.

The Court lacks subject matter jurisdiction for reasons explained above. Further the Court grants Maher's motion to remand for untimely removal of the case by defendant. (DE 7.) The Clerk is respectfully directed to terminate the motion (DE 7), remand the action to Supreme Court, New York County, the Court from which it was removed, and to close the case in this District.

SO ORDERED.

_____
P. Kevin Castel
United States District Judge

Dated:     New York, New York
           February 14, 2022